## Ashley v. Commonwealth.

Oct. 1, 1940.

Loraine Mix, Judge.

**836**

Simeon S. Jacobs for appellant.

.Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Robert R. Ashley appeals from a judgment of conviction of statutory conspiracy to do a felonious act, namely, commit grand larceny. Section 1241a-1, Kentucky Statutes. The penalty is confinement in prison for three years. The only ground upon which a reversal of the judgment is sought is that the defendant was entitled to a directed verdict of acquittal because of the absence of proof that he had entered into a conspiracy or of evidence tending to corroborate the testimony of an accomplice.

The defendant was formerly employed regularly by Raymond Deweese who conducted a business in New Albany, Indiana, under the name of Raymond Deweese Glass Works. Because of some injury he had sustained, more recently Ashley was employed only now and then for special work. However, his principal occupation was that of night watchman or merchant police for other persons. Deweese had gone to Texas and left his business in charge of his nephew, Deweese Stein. He wrote Stein a cryptic letter, a portion of which was introduced in evidence, the substance and effect being a discussion of the difference in cost of glass bought honestly and otherwise; a reference to the loss sustained on some job because of Stein's failure to send "Bob" to Louisville to get the glass, and an indication that he should send him to get another supply. Stein testified to circumstances clearly showing a practice of buying stolen glass, and stated that he had been told by Deweese that when he needed glass to give Ashley the money and an order and he would take care of it.

In the late afternoon of a Saturday in August, 1939, Stein got $20 from a lending agency and gave it to Ashley with "the order" for about five boxes of glass, to be used principally in automobiles. He knew that Ashley would not get it honestly. The Louisville Plate Glass Company had been missing glass from its warehouse for sometime and employed a private detective to watch its place. The detective testified that on the

following Sunday morning about eight o'clock the janitor came through the front door and unlocked the back doors admitting two other negroes and Ashley, a white man. They got a number of boxes of glass and brought them down on the elevator. The detective then made his appearance. Ashley claimed he was there to buy glass and produced what he and Stein called an order. It is a rough slip of paper about two inches square containing nothing but figures indicating sizes of glass. Ashley was armed with a pistol. All the parties were jointly indicted and all but Ashley pleaded guilty. Officers of the Louisville Plate Glass Company related that the Deweese Glass Company had purchased goods from it up until about a year before this; that for about the same length of time glass had been stolen from them; that after they caught these rogues a large quantity of glass identified as having been taken from their warehouse was found at the New Albany establishment.

As indicated, the only point made on the appeal is that no witness testified that there was any agreement or conspiracy, and that the testimony of Stein, an admitted accomplice, is not corroborated as required by Section 241, Criminal Code of Practice. If evidence of catching a man "red-handed" in the commission of the crime charged does not tend to corroborate the testimony of an accomplice, the appellant's point would be well taken. It is true that merely associating with bad company is not sufficient to establish the guilt of the accused, but that conception does not go so far as to hold that actual participation in the joint commission of the crime and the personal production by the accused of an incriminating paper is mere association. We have not had a case where guilt was more clearly and certainly established.

Judgment affirmed.